FILED 97 JAN 31 PM 3:30 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED JAN 31 1997

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Those certain Underwriters at Lloyds, London England, subscribed to insurance policy/certificate of insurance numbered ST 95/7161 / BCA10489<br><br>    Plaintiff,<br>v.<br><br>Robert Swafford, Connie Swafford, and Christy Swafford,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CV-96-C-2601-S<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Defendants Robert, Connie and Christy Swafford obtained a homeowners insurance policy from Lloyds of London, an unincorporated association of underwriters of insurance organized and existing under the laws of the United Kingdom. (Compl. at 1.) On January 19, 1996, defendants residence was damaged and destroyed due to a fire. (See Mem. Supp. Def.[s'] Mot. Dismiss at 1.) The policy insured defendants' property against loss by fire. On March 15, 1996 Defendants filed a sworn proof of loss form claiming a total loss of their residence. (Compl. at 3). Upon investigating the matter, plaintiff determined that the fire was deliberately set. Plaintiff filed a complaint for declaratory judgment on October 4, 1996. On October 28, 1996, defendants commenced a state court action on this matter. (See Objections Def.[s'] Mot. Dismiss at 1.)

Plaintiff alleges in its complaint for declaratory judgment that defendants made a material

misrepresentation on the application for insurance by stating that Robert and Connie Swafford owned the residence when it was actually deeded to their daughter Christy; that defendants concealed material information during plaintiff's investigation into the cause of the fire; and that defendants caused or procured the fire that damaged the property.

## ANALYSIS

A district court has discretion to decline to entertain a diversity action seeking a declaratory judgment and raising issues of state law when those same issues are presented contemporaneously in state court, and will be resolved by the state court. Michigan Tech Fund v. Century National Bank of Broward, 680 F.2d 736, 742 (11th Cir. 1982); see also Ven-Fuel, Inc. v. Department of the Treasury, 673 F.2d 1194, 1195 (11th Cir. 1982). "One equitable consideration in such a decision is whether the declaratory judgment action was filed in apparent anticipation of the other pending proceeding." Ven-Fuel, 673 F.2d at 1195.

A state court action is pending contemporaneously with this declaratory judgment action. This Court's exercise of jurisdiction is based solely on diversity; no federal claims have been presented. Most, if not all, of the grounds upon which plaintiff seeks a declaratory judgment are possible defenses to the state court action. Additionally, defendants claim that the state court action involves parties not joined by plaintiff in the present action. Therefore, it seems apparent that all of the issues raised in the declaratory judgment complaint can be fully litigated in the state court action, and that plaintiff filed this action in anticipation of defendants' suit challenging the denial of coverage.

Based upon the foregoing, this action is dismissed in deference to the state court proceedings pending in the Circuit Court of Shelby County, Alabama.

DONE this __31st__ day of January 1996.

                                                      UNITED STATES DISTRICT JUDGE
                                                      U. W. CLEMON